IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIK T. ROBINSON,          Plaintiff | : : : | CIVIL ACTION |
| v. | : : | |
| UNITED STATES DEPARTMENT OF JUSTICE OFFICE OF INFORMATION AND PRIVACY,          Defendant | : : : : | NO.  07-0167 |

### MEMORANDUM/ORDER

M. Faith Angell                                                                                         January 23, 3008
United States Magistrate Judge

       Plaintiff has brought this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552.  He seeks review of the United States Department of Justice Office of Information and Privacy's claim that an adequate search regarding information requested by Plaintiff produced no responsive records.  Before this Court are Defendant's motion to dismiss, or in the alternative for summary judgment, and the Plaintiff's motion for sanctions.

### BACKGROUND AND PROCEDURAL HISTORY

       Plaintiff was born in Princeton, New Jersey on April 12, 1969.  *Complaint* [Docket No. 3] at Exhibit 1-A.  Plaintiff alleges that he is currently a member of a group called the Clan Na Gael ("the Clan").  *Plaintiff's Background Memorandum to the Court* [Docket No. 17] at unnumbered p.1.[1]  According to Plaintiff, the Clan was formed in 1867 as a political group to support the Irish in their struggle for independence from England.  *Id*.  Due to the Clan's activism in political struggles, the Clan suspected that the Federal Bureau of Investigation ("FBI") was attempting to

---

[1] Hereinafter "Background Memo."

infiltrate its ranks around the year 2000. *Id*. After a series of events involving the Clan, Plaintiff believes that the FBI and/or MI-5 played a part in those events. *Id*.

On May 9, 2005, Plaintiff wrote two letters to the FBI, one to the New York Field Office of the Federal Bureau of Investigation ("NYFO") and one to the Federal Bureau of Investigation Headquarters ("FBIHQ"). *Complaint* at Ex. 1-A and 1-B. Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Plaintiff requested records from both NYFO and FBIHQ pertaining to himself. *Id*. He provided each agency with his date of birth, place of birth, and Social Security Number. *Id*. On May 18, 2005, the FBI requested that Plaintiff provide FBIHQ with additional information. *Id.* at Ex. 2-A. Plaintiff was also instructed to sign a statement, under penalty of perjury, in order to verify his identity. *Id*. On May 20, 2005, the FBI asked Plaintiff to provide similar information regarding his request to NYFO. *Id*. at Ex. 2-B. Plaintiff responded to the May 18th letter to FBIHQ, however, there is no documentation that Plaintiff responded to the May 20th letter to NYFO. *Id*. at Ex. 2-A and 2-B.

On June 1, 2005, David M. Hardy, the FBI Section Chief of the Records Management Division, acknowledged receipt of Plaintiff's FOIA request (which was assigned Request No.: 1021494-000). *Id*. at Ex. 3. On June 10, 2005, Mr. Hardy informed the Plaintiff that "[n]o records pertinent to your FOIPA[2] request were located by a search of the automated indices." *Id*. at Ex. 4. On August 1, 2005, Plaintiff filed an appeal with the Office of Information and Privacy, U.S. Department of Justice ("OIP"). *Id*. at Ex. 5. In an August 16, 2005 letter, the OIP acknowledged receipt of the request on August 10, 2005. *Id.* at Ex. 6. The appeal was assigned number 05-2504. *Id*. The August 16, 2005 letter also stated that "[i]n an attempt to afford each

---

[2] FOIPA is an acronym for Freedom of Information-Privacy Acts.

appellant equal and impartial treatment," the OIP had "adopted a general practice of assigning appeals in the approximate order of receipt." *Id*.

On January 16, 2007, Plaintiff filed this action, *pro se*, in order to gain access to the documents that he had requested. *Complaint* at unnumbered p.2. At the time of filing the Complaint, Plaintiff's OIP appeal was still pending. Plaintiff alleges that calls to Defendant's Office in December 2006 revealed that the appeal was missing and had not been properly logged out for processing. *Id*. Plaintiff alleges that there is no legal basis for Defendant's denial of access to the information requested. *Id*.

Defendant has moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(1), asserting that the court lacks subject matter jurisdiction, and/or 12(b)(6), asserting that Plaintiff has failed to state a claim upon which relief can be granted. *See Defendant's Motion to Dismiss, or in the Alternative, For Summary Judgment* [Docket No. 15] at p. 1. Alternatively, Defendant has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. *Id*.

Specifically, Defendant argues that: (1) Plaintiff's claim for records in NYFO should be dismissed because an unperfected request constitutes a failure to exhaust administrative remedies, and (2) Plaintiff's claim for records in FBIHQ should be dismissed because FBIHQ conducted an adequate search and found no responsive records. *Id.* at pp. 7, 10.

## DISCUSSION

After preliminary review of Defendant's motion to dismiss/motion for summary judgment and Plaintiff's response thereto, I conclude that resolution of Defendant's motion will require consideration of matters outside the pleadings.  Therefore, Defendant's motion as it relates to both Plaintiff's request for records in NYFO and Plaintiff's request for records in FBIHQ will be converted to a motion for summary judgment and will considered under Fed.R.Civ.P. 56.  Plaintiff is notified that, within fourteen days of the date of this order, he may submit additional pleadings, depositions, answers to interrogatories, admissions on file and/or affidavits in opposition to Defendant's motion for summary judgment.  *See Clay v. Department of the Army*, 239 Fed. Appx. 705, 706 (3d Cir. 2007)("When a motion to dismiss is converted to a motion for summary judgment, the parties must be given notice of the conversion and an opportunity to present material to the court.").

At the conclusion of the fourteen day period, I will rule on all issues raised in Defendant's motion to dismiss/motion for summary judgment, and on Plaintiff's motion for sanctions.

**O R D E R**

AND NOW, this 23rd day of January, 2008, for the reasons given above, it is hereby **ORDERED** that:

(1)   Defendant's motion to dismiss, or in the alternative for summary judgment, will be converted to a motion for summary judgment and will considered under Fed.R.Civ.P. 56.

(2) By February 6, 2008, Plaintiff may submit additional pleadings, depositions, answers to interrogatories, admissions on file and/or affidavits in opposition to Defendant's motion for summary judgment.

BY THE COURT:

 S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
Robert N.C. Nix Federal Building
900 Market Street, Suite 211
Philadelphia, PA   19107

**Chambers of**
**M. FAITH ANGELL**                                          P:  (215) 597-6079
United States Magistrate Judge                         F:  (215) 580-2165

*FAX / MAIL COVER SHEET*

**CASE NO.**   07-167                              **DISTRICT COURT JUDGE:** LHP

**TODAY'S DATE**: January 23, 2008           **LAW CLERK'S INITIALS**: JJK

<u>**VIA FAX:**</u>

| NAME | FAX NUMBER |
|---|---|
| 1.   Susan Dein Bricklin, Esq. | 215-861-8349 |
| 2.   Varu Chilakamarri, Esq. | 202-616-8470 |

<u>**VIA MAIL:**</u>

3.   Eric T. Robinson
     718 Sansom Street, Apt-C
     Philadelphia, PA   19106